UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN EDWARD KINDELL | CIVIL ACTION |
| VERSUS | NO: 26-518 |
| PAUL CONNICK, JR. | SECTION: N |

# ORDER

Before the Court is Plaintiff John Edward Kindell's Rule 59(e) Motion to Alter or Amend Judgment and Rule 15(a)(2) Motion for Leave to File First Amended Complaint.[1] Defendants Louisiana Department of Children and Family Services and United Parcel Service Inc. filed oppositions,[2] and Kindell replied.[3] Having considered the parties' memoranda, the record, and applicable law, the Court denies the motion.

## I. Background

Kindell, appearing *pro se*, alleged claims under 42 U.S.C. § 1983 against LDCFS, UPS, and Connick for the alleged violation of his Fourth and Fourteenth Amendment rights.[4] The allegations date back to a 2004 default judgment entered against Kindell. He alleged that his funds were seized unlawfully when his wages were garnished to pay child support pursuant to this allegedly fraudulent judgment

---

[1] Rec. Doc. 52.
[2] Rec. Docs. 54 and 56.
[3] Rec. Docs. 53, 55, 57, and 61.
[4] Rec. Doc. 1.

and he was denied due process relating to identity fraud, record tampering, and illegal wage garnishment. On September 21, 2026, this Court dismissed Kindell's claims without prejudice under Rule 12(b)(6)[5] and entered judgment.[6] Kindell now seeks to alter that judgment and asks for leave to amend his complaint.

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may move to alter or amend a judgment within 28 days after entry of the judgment. A Rule 59(e) motion "calls into question the correctness of a judgment."[7] This rule serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[8] Thus, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[9] The Fifth Circuit has cautioned that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[10] In short, Rule 59(e) "should not be used to raise arguments that were presented or could have been presented in the past."[11]

[5] Rec. Doc. 50.
[6] Rec. Doc. 51.
[7] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation modified).
[8] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation modified).
[9] *Templet*, 367 F.3d at 478-79.
[10] *Id.* at 479.
[11] *Quinn v. Guerrero*, 863 F.3d 353, 360 (5th Cir. 2017).

## III. Analysis

In its Order and Reasons granting defendants' motions to dismiss, the Court held that Kindell had failed to state a claim for relief because the Louisiana Department of Children and Family Services is entitled to sovereign immunity; Kindell had not sufficiently alleged a claim for *Monell* liability against Paul Connick, Jr., and UPS was not subject to liability under 42 U.S.C. § 1983. None of the perceived errors identified by Kindell constitutes a manifest error of law or fact or presents newly discovered evidence.

First, Kindell fails to present any new evidence or manifest error in the Court's application of absolute prosecutorial immunity with respect to claims against Connick to the extent they were alleged against him in his individual capacity.

Second, with respect to *Monell* liability, Kindell reasserts his argument rejected by the Court that the complaint established a "persistent practice and official failure to train" regarding executing wage withholdings, returning undeliverable mail notices, falsely logging non-appearances, and denying American with Disability Act accommodations.

Third, with respect to Kindell's alleged manifest errors of fact, the Court's decision did not rely on the items identified by Kindell and therefore they could not impact the correctness of the judgment.

Once the Court entered final judgment, the appropriate course for Kindell to seek leave to amend his complaint was by "either appealing the judgment[] or seeking to alter or reopen the judgment under Rule 59 or 60."[12] Because the Court denies Kindell's Rule 59(e) motion, the judgment remains in place and Kindell's motion for leave to amend his complaint must also be denied.

Notably, Kindell did not request leave to file an amended complaint before the Court entered judgment. All of the legal theories and claims set forth in his proposed amended complaint could have been raised prior to the Court's entry of judgment. But even if the Court did have discretion to consider Kindell's motion on the merits, it would be denied because amendment would be futile.

With respect to the claims against Connick, Kindell again makes only conclusory, unsupported claims regarding an official policy, custom, or practice that is the "moving force" behind a constitutional violation as required for *Monell* liability.[13] Kindell also seeks to add a claim under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act against Connick in his official capacity, but he fails to allege the required elements.[14]

The allegations that he seeks to add against UPS likewise do not cure the deficiencies in his original complaint. He again fails to allege in any non-conclusory

---

[12] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

[13] *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

[14] For a violation of either Title II of the ADA or Section 504 of the Rehabilitation Act, a plaintiff must allege: (1) he has a qualifying disability; (2) he is being denied the benefits of services, programs, or activities for which the public entity is responsible or otherwise being discriminated against by the public entity; and (3) such discrimination is by reason of his disability. *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018).

way that UPS engaged in state action or in conspiracy or other joint engagement with a state actor to deprive him of any constitutional right.

He also seeks to add Section 1983 and claims against individual DCFS enforcement personnel (John and Jane Does 1-10) exclusively in their individual capacities, alleging that they acted outside their statutory authority, actively executed adverse collection orders with knowledge that the underlying identity records were corrupted, and ignored returned notices. These allegations are threadbare, failing to provide the basis for any claim and failing to identify any alleged offender.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff John Edward Kindell's Rule 59(e) Motion to Alter or Amend Judgment and Rule 15(a)(2) Motion for Leave to File First Amended Complaint[15] is **DENIED**.

New Orleans, Louisiana, this 9th day of November 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE

[15] Rec. Doc. 52.